IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Craig Cowan, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>(1) Triumph Energy Partners, LLC,<br><br>              Defendant. | Case No. CIV-23-300-JAR<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff Craig Cowan ("Plaintiff"), on behalf of himself and all others similarly situated, brings this Class Action Complaint against Triumph Energy Partners, LLC ("Triumph" or "Defendant"), and alleges and states the following.

**SUMMARY OF ACTION**

1. Plaintiff brings these claims against Triumph concerning (1) its actual, knowing, and willful underpayment or non-payment of royalties on natural gas and constituent products, including natural gas liquids, through improper accounting methods and by failing to account for and pay royalties as required by the applicable agreements and Oklahoma law, as more fully described below; and (2) its failure to pay interest owed on the payment of oil-and-gas proceeds made outside of the applicable time periods provided by the Production Revenue Standards Act ("PRSA"), 52 O.S. § 570.10(D).

**PARTIES**

2. Craig Cowan resides in Watonga, Oklahoma, and owns mineral interests in wells previously operated by Triumph.

1

3. Triumph Energy Partners, LLC is a limited liability company organized under Delaware law with its principal place of business in Oklahoma City, Oklahoma. Triumph may be served with process by serving its registered agent, C T Corporation System, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

4. In the period relevant to this case, Triumph was, *inter alia*, in the business of producing and marketing natural gas and constituent products, including natural gas liquids, from its operated oil-and-gas wells in Oklahoma in which the Classes owned mineral interests.

## JURISDICTION & VENUE

5. The preceding allegations are incorporated by reference.

6. This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds the sum of $5,000,000, and because members of the classes and Triumph are citizens of different states.

7. This Court has personal jurisdiction over Triumph because it operated nearly 100 oil-and-gas wells in Oklahoma and because it distributed proceeds to Class members across Oklahoma.

8. Venue is proper in this District by consent.

## FACTUAL ALLEGATIONS

*Triumph's Royalty Underpayment*

9. The preceding allegations are fully incorporated by reference.

10. Plaintiff owns a royalty interest in an oil-and-gas well—the Herring 1-33 Well—in Blaine County, Oklahoma, which was once operated by Triumph.

11. The lease through which Plaintiff owns royalty interest in the Herring 1-33 Well imposed Oklahoma's implied duty to market (the "IDM") upon Triumph.

12. Oklahoma's IDM required Triumph to provide a marketable product available to market, including for natural gas and its constituents.

13. This meant that Triumph was precluded from passing along to royalty owners, like Plaintiff, any costs incurred in making a product marketable, including natural gas and its constituents.

14. Because raw or unprocessed gas must typically undergo certain field processes—such as gathering, compressing, dehydrating, transporting, and processing ("GCDTP Services")—to make the gas marketable, lessees and operators, like Triumph, bear the costs associated with performing such services. GCDTP Services also includes the costs of transportation and fractionation of natural gas liquids to create marketable purity products.

15. Royalty owners whose leases contain the IDM, like Plaintiff's, had no responsibility for the cost of GCDTP Services required to place natural gas and its constituents in marketable form.

16. The IDM applies unless an oil-and-gas lease expressly says otherwise.

17. If a lessee, like Triumph, wants royalty owners to share in GCDTP Services, that can be spelled-out in the oil-and-gas lease.

18. Despite the IDM's requirements and the terms of Plaintiff's lease, Triumph nevertheless deducted GCDTP Services from Plaintiff's royalty payments.

19. In addition to deductions from gas royalties, Triumph also failed to pay royalty on gas used off the lease premises and failed to pay the appropriate price and value for natural gas and natural gas liquids.

20. In addition to the terms of the oil-and-gas lease, OKLA. STAT. tit. 52, § 570.10(C)(4) imposed upon Triumph a duty to properly pay royalty and if Triumph caused royalty to be paid incorrectly to royalty owners (like Plaintiff) as operator, Triumph is

responsible for the underpaid royalty. ("Where royalty proceeds are paid incorrectly as a result of an error or omission, the party whose error or omission caused the incorrect royalty payments shall be liable for the additional royalty proceeds on such production and all resulting costs or damages incurred by the party making the incorrect payment.").

21. Triumph's improper royalty payment practices have been applied to Plaintiff and all other members of Class I.

*Triumph's Late Payment of Oil-and-Gas Proceeds*

22. The preceding allegations are incorporated by reference.

23. The PRSA requires that "[p]roceeds from the sale of oil or gas production from an oil or gas well shall be paid to persons legally entitled thereto . . . commencing not later than six (6) months after the date of first sale, and . . . thereafter not later than the last day of the second succeeding month after the end of the month within which such production is sold." 52 O.S. § 570.10(B)(1)(a)–(b).

24. When a holder of proceeds fails to pay oil-and-gas proceeds within those timelines (*i.e.*, when the holder makes a late payment), the holder automatically owes interest on the late payment. *See id.* § 570.10(D)(1)–(2).

25. Despite this clear statutory obligation, Triumph did not automatically pay interest on all late payments.

26. Instead, upon information and belief, Triumph only paid statutory interest to owners who demanded it, even though the statute contains no such demand requirement.

27. Triumph paid Plaintiff proceeds outside the time periods in the PRSA, and when Triumph made that payment to Plaintiff, Triumph did not include the required statutory interest under the PRSA.

## CLASS ACTION ALLEGATIONS

28. The preceding allegations are incorporated by reference.

29. Plaintiff brings this action on behalf of himself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes ("Class I" and "Class II," collectively, the "Classes"):

> **Class I:** All non-excluded persons or entities who are or were royalty owners in Oklahoma wells, where Triumph Energy Partners, LLC was the operator (or a working interest owner) who marketed its share of gas production and royalties on such marketed gas was paid to such royalty owners. The claims in this matter relate to royalty payments for gas and its constituents (such as residue gas, natural gas liquids, helium, nitrogen, drip condensate, or gas used off the lease premises).
>
> **Class II:** All non-excluded persons or entities who received late payments under the Production Revenue Standards Act from Triumph Energy Partners, LLC (or its designee) for oil-and-gas proceeds from Oklahoma wells and whose payments did not include the statutory interest required by the Production Revenue Standards Act.
>
> Excluded from Classes are: (1) Triumph Energy Partners, LLC and the Released Parties and their respective affiliates, predecessors, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) any publicly traded company or its affiliated entity that produces, gathers, processes, or markets gas; and (4) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2).

30. Upon information and belief, absent Class I members who have been underpaid royalty on gas and its constituents number in the thousands. Triumph operated nearly 100 oil-and-gas wells in Oklahoma. Thus, the Class is so numerous that joinder of all members is impracticable.

31. The questions of fact and law common to Class I:

   a. Whether Plaintiff and the Class I Members owned royalty interests in the Oklahoma properties upon which Triumph had an obligation to pay royalty correctly under the terms of the applicable oil-and-gas leases;

    b. Whether, under Oklahoma law, the Class I oil-and-gas leases imposed the IDM;

    c. Whether Triumph failed to properly remit royalty to the Class I members on gas and its constituents by deducting GCDTP Services or by underpaying royalty as a result of GCDTP Services;

    d. Whether Triumph's failure to properly pay royalty to the Class I members and imposes liability on Triumph under OKLA. STAT. tit. 52, § 570.10(C)(4);

    e. Whether Triumph is obligated to pay interest on the underpaid royalty under Oklahoma statute.

32. Plaintiff's claims are typical of the Class I members because each Class I member's claims are identical.

33. Triumph treated Plaintiff and the Class I members in the same way by failing to pay the required royalty on gas and its constituents.

34. Upon information and belief, Class II members who are owed statutory interests on late payments made by Triumph number in the thousands. Triumph operated nearly 100 oil-and-gas wells in Oklahoma and remitted oil-and-gas proceeds to thousands of owners. Thus, the Class is so numerous that joinder of all members is impracticable.

35. The questions of fact and law common to Class II include:

    f. Whether Plaintiff and the Class II members own legal interests in the Oklahoma properties upon which Triumph had an obligation to pay oil-and-gas proceeds;

    g. Whether, under Oklahoma law, Triumph owed interest to Plaintiff and the Class II members on any late payments under the PRSA;

    h. Whether Triumph's failure to pay interest to Plaintiff and the Class II members on any late payments constitutes a violation of the PRSA;

    i. Whether Triumph was obligated to pay interest on late payments under the PRSA without first receiving a demand.

36. Plaintiff's claims are typical of Class II because each Class II member's claims are identical.

37. Triumph treated Plaintiff and the Class II members in the same way by failing to pay the required interest on late payments under the PRSA

38. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's interests do not conflict with the interests of the Classes. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas royalty class actions.

39. The averments of fact and questions of law in this Complaint are common to the members of the Classes and predominate over any questions affecting only individual members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across the Classes that there is no reason why individual members of the Classes would want to control the prosecution of their own claims at their own expense;

   b. To Plaintiff's knowledge, there is not a certified class with the same scope of Class membership sought in this Complaint against Triumph;

   c. All parties and the judiciary have a strong interest in resolving these matters in one forum;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every member of the Classes—not only those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the members of the Classes may never fully discover the wrongful acts of Triumph, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Triumph.

## CAUSES OF ACTION

### I. Class I – Breach of Contract

41. The preceding allegations are incorporated by reference.

42. Plaintiff brings this cause of action on behalf of himself and Class I.

43. Plaintiff and the other Class I Members entered into written, fully executed, oil-and-gas leases.

44. The Class I leases impose the IDM on Triumph with regard to payment of royalty on gas and its constituents.

45. Triumph breached the terms of the Class I leases by its actions in underpaying royalty or not paying royalty on all products sold from the gas stream, including as a result of GCDTP Services.

46. As a result of Triumph's breaches, Plaintiff and the Class I members have been damaged through underpayment of the actual amounts due.

47. Plaintiff and the Class I members are entitled to the actual damages caused by Triumph's breaches and are further entitled to statutory interest and other allowable damages imposed by Oklahoma law, including punitive damages and interest under the Production Revenue Standards Act. *See* OKLA. STAT. tit. 52, § 570.1 et seq.

### II. Class I – Violation of the Production Revenue Standards Act

48. The preceding allegations are incorporated by reference.

49. Under OKLA. STAT. tit. 52, § 570.10(C)(4), Triumph, as operator remitting royalty, is liable for royalties that were paid incorrectly to Class I.

50. Triumph, as operator, failed to properly remit royalties to Class I.

51. Plaintiff and the Class I members are entitled to the actual damages caused by Triumph's incorrect royalty payments and are further entitled to statutory interest and other

allowable damages imposed by Oklahoma law, including punitive damages. *See* OKLA. STAT. tit. 52, § 570.1 et seq.

### III.     Class II – Breach of Statutory Obligation Pay Interest

52.     The preceding allegations are incorporated by reference.

53.     Plaintiff brings this cause of action on behalf of himself and Class II.

54.     Plaintiff and Class II were legally entitled to the payments of oil-and-gas proceeds from Triumph.

55.     Section 570.10 of the PRSA required Triumph to pay oil-and-gas proceeds according to the applicable statutory time periods.

56.     The PRSA further required Triumph to automatically pay interest when it made payments outside of the applicable statutory time periods.

57.     Triumph failed to timely pay oil-and-gas proceeds it owed to Plaintiff and Class II.

58.     In violation of the PRSA, when Triumph ultimately made its late payments to Plaintiff and the Class, Triumph did not pay the interest required by the PRSA.

59.     Triumph's failure to pay interest under the PRSA was knowing and intentional. Triumph was aware of its statutory obligations to automatically pay interest on late payments, but instead, upon information and belief, only paid interest when owners demand it.

60.     Triumph's failure to pay interest it owes under the PRSA has caused Plaintiff and Class II to suffer harm.

### JURY DEMAND

61.     Under Fed. R. Civ. P. 28, Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Triumph to pay Plaintiff and the members of the Classes actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Triumph's breaches and unlawful conduct, including, without limitation, compound interest under Oklahoma law;

3. An order awarding punitive damages as determined by the jury, which is demanded herein, and in accordance with Oklahoma law on each of Triumph's wrongful acts, as alleged in this Complaint;

4. An order requiring Triumph to pay the Classes' attorney fees and litigation costs as provided by statute; and

5. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
Telephone: (405) 698-2770
reagan@bradwil.com
ryan@bradwil.com
**COUNSEL FOR PLAINTIFF**