IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Craig Cowan, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>Triumph Energy Partners, LLC,<br><br>           Defendant. | Case No. 23-CV-300-JAR |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING THE CLASSES FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR FINAL FAIRNESS HEARING**

   This is a class action lawsuit brought by Plaintiff Craig Cowan ("Plaintiff"), on behalf of himself and as a representative of a class of owners (defined below), against Triumph Energy Partners, LLC ("Defendant") ("Plaintiff" and "Defendant" collectively the "Parties"), for the alleged underpayment of royalty on gas and constituents and for failure to pay statutory interest on payments made outside the time periods set forth in the Production Revenue Standards Act, 52 Okla. St. § 570.1 *et seq.* (the "PRSA") for oil and gas production proceeds from oil and gas wells in Oklahoma. On August 21, 2023, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") finalizing the terms of the Settlement.[1] The Settlement Agreement, together with the documents referenced therein and exhibits thereto, set forth the terms and conditions for the proposed Settlement of the Litigation. In accordance with the Settlement

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

1

Agreement, Plaintiff now presents the Settlement to the Court for preliminary approval under Federal Rule of Civil Procedure 23.

After reviewing the pleadings and Plaintiff's Motion to Certify the Classes for Settlement Purposes, Preliminarily Approve Class Action Settlement, Approve Form and Manner of Notice, and Set Date for Final Fairness Hearing ("Motion for Preliminary Approval"), the Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement warrants the issuance of notice to the Settlement Class. Upon reviewing the Settlement and the Motion for Preliminary Approval, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

2. The Court finds the Settlement Classes should be certified at this stage for the purposes of this Settlement, as the Settlement Classes meet all certification requirements of Federal Rule of Civil Procedure 23 for a settlement class. The Settlement Classes are certified for settlement purposes only, subject to the Court's final consideration at the Final Fairness Hearing. Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way, as to the issue of whether the Settlement Classes could have been certified in this case on a contested basis.

3. The certified Settlement Classes are defined as follows:

    **Class I**
    All non-excluded persons or entities who are or were royalty owners in Oklahoma wells, where Triumph Energy Partners, LLC was the operator (or a working interest owner) who marketed its share of gas production and royalties on such marketed gas was paid to such royalty owners. The claims in this matter relate to royalty payments for gas and its constituents (including, but not limited to, residue gas, natural gas liquids, helium, nitrogen, drip condensate, or gas used off the lease premises).

**Class II**

All non-excluded persons or entities who received late payments under the Production Revenue Standards Act from Triumph Energy Partners, LLC (or its designee) for oil-and-gas proceeds from Oklahoma wells and whose payments did not include the statutory interest required by the Production Revenue Standards Act.

Excluded from Class I and II are: (1) Triumph Energy Partners, LLC and the Released Parties and their respective affiliates, predecessors, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (3) any publicly traded company or its affiliated entity that produces, gathers, processes, or markets gas; and (4) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2).

4. The Court finds, subject to the Court's final consideration at the Final Fairness Hearing, the above-defined Settlement Classes satisfy all prerequisites of Federal Rule of Civil Procedure 23(a) for purposes of the proposed class settlement:

  a. **Numerosity**. Plaintiff has demonstrated "[t]he class[es] [are] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Tenth Circuit has not adopted a set number as presumptively sufficient to meet this burden, and there is "no set formula to determine if the class is so numerous that it should be so certified." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Here, the Settlement Classes consist of thousands of owners. Therefore, the Court finds the numerosity prerequisite is undoubtedly met.

  b. **Commonality**. Plaintiff has also demonstrated "[t]here are questions of law or fact common to the class[es]." Fed. R. Civ. P. 23(a)(2).

  c. **Typicality**. Plaintiff has also shown "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class[es]." Fed. R. Civ. P. 23(a)(3).

        d.        **Adequacy**. Plaintiff and Plaintiff's Counsel have demonstrated "[t]he representative parties will fairly and adequately protect the interests of the class[es]." Fed. R. Civ. P. 23(a)(4).

In addition, because the Court finds Plaintiff and Plaintiff's Counsel to be adequate representatives of the Settlement Classes, the Court hereby appoints Plaintiff Craig Cowan, as Class Representative, and Plaintiff's Counsel Reagan E. Bradford and Ryan K. Wilson of Bradford & Wilson PLLC as Co-Lead Class Counsel.

5.        The Court also finds the requirements of Federal Rule of Civil Procedure 23(b)(3) are met:

        a.        **Predominance**. Class Representative has shown "questions of law or fact common to the members of the class[es] predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

        b.        **Superiority**. Class Representative has also established "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

In sum, the Court finds all prerequisites and requirements of Federal Rule of Civil Procedure 23(a)-(b) are satisfied for purposes of certifying a class for settlement purposes, subject to the Court's final consideration at the Final Fairness Hearing.

6.        The Court preliminarily finds (a) the proposed Settlement resulted from extensive arm's-length negotiations; (b) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weakness of Class Representative's and the Settlement Classes' claims; (c) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (d) the proposed

Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Classes.

7. Having considered the essential terms of the Settlement under the recognized standards for preliminary approval as set forth in the relevant jurisprudence, the Court preliminarily approves the Settlement, subject to the right of any member of the Settlement Classes to challenge the fairness, reasonableness, and adequacy of any part of the Settlement, Settlement Agreement, Allocation Methodology, or proposed Plan of Allocation (or any other Plan of Allocation), and to show cause, if any exists, why the Judgment dismissing the Litigation based on the Settlement Agreement should not be ordered after adequate notice to the Settlement Classes has been given in conformity with this Order. As such, the Court finds that those Class Members whose claims would be settled, compromised, dismissed, and released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

8. The Court further preliminarily approves the form and content of the proposed Notices, which are attached to the Settlement Agreement as Exhibits 3–5, and finds the Notices are the best notice practicable under the circumstances; constitute due and sufficient notice to all persons and entities entitled to receive such notice; and fully satisfy the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23. The Court finds the form and content of the Notices fairly and adequately: (a) describe the terms and effect of the Settlement; (b) notify the Settlement Classes that Class Counsel will seek Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and a Case Contribution Award for Class Representative's services; (c) notify the Settlement Classes of the time and place of the Final Fairness Hearing; (d) describe the procedure for requesting exclusion from the Settlement; and (e) describe the procedure for objecting to the Settlement or any part thereof.

9. The Court also preliminarily approves the proposed manner of communicating the Notices to the Settlement Classes, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23:

a. No later than thirty (30) days after entry of this Preliminary Approval Order, the Settlement Administrator will mail (or cause to be mailed) the Notice by mail to all Class Members who have been identified after reasonable efforts to do so and will post the Notice to the settlement website. The Notice will be mailed to Class Members using the data described in paragraph 3.2 of the Settlement Agreement, the last known addresses for each payee, and any updated addresses found by the Settlement Administrator. For any Class Members who received more than one payment, the Notice of Settlement will be mailed to the payee's last-known address (or any updated address found by the Settlement Administrator). The Settlement Administrator will also publish the Notice as described below. It is not reasonable or economically practical for the Parties to do more to determine the names and addresses of Class Members.

b. No later than ten (10) days after mailing the first notice, or at such time as is ordered by the Court, the Settlement Administrator also shall publish (or cause to be published) the Notice of Settlement one time in each of the following newspapers: (a) *The Oklahoman*, a paper of general circulation in Oklahoma; and (b) *The Tulsa World*, a paper of general circulation in Oklahoma.

c. Within ten (10) days after mailing the first notice and continuing through the Final Fairness Hearing, the Settlement Administrator will also display (or cause to be displayed) on an Internet website dedicated to this Settlement the following documents: (i)

the Notice of Settlement, (ii) the Complaint, (iii) the Settlement Agreement, (iv) this Order, and (v) other publicly-filed documents related to the Settlement.

10. Class Counsel is authorized to act on behalf of the Settlement Classes with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

11. The Court appoints JND Legal Administration to act as Settlement Administrator and perform the associated responsibilities set forth in the Settlement Agreement. The Settlement Administrator will receive and process any Requests for Exclusion and, if the Settlement is finally approved by the Court, will supervise and administer the Settlement in accordance with the Settlement Agreement, the Judgment, and the Court's Plan of Allocation order(s) authorizing distribution of the Net Settlement Fund to Class Members. The Parties and their Counsel shall not be liable for any act or omission of the Settlement Administrator.

12. The Court appoints Citibank as the Escrow Agent. The Escrow Agent is authorized and directed to act in accordance with the Settlement Agreement and Escrow Agreement. Except as set forth in paragraph 6.19 of the Settlement Agreement, the Parties and their Counsel shall not be liable for any act or omission of the Escrow Agent or loss for the funds in the Escrow Account.

13. Pursuant to Federal Rule of Civil Procedure 23(e), a Final Fairness Hearing shall be held on January 29, 2024, at 10:30 a.m. CT in the United States District Court for the Eastern District of Oklahoma, the Honorable Jason A. Robertson presiding, to:

    a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Classes;

    b. determine whether the notice method utilized: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated,

under the circumstances, to apprise Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

  c. determine whether a final Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

  d. determine the proper method of allocation and distribution of the Net Settlement Fund among Class Members who are not excluded from the Settlement Classes by virtue of a timely and properly submitted Request for Exclusion or other order of the Court;

  e. determine whether the applications for Plaintiff's Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and the Case Contribution Award to Class Representative are fair and reasonable and should be approved; and

  f. rule on such other matters as the Court may deem appropriate.

14. The Court reserves the right to adjourn, continue, and reconvene the Final Fairness Hearing, or any aspect thereof, including the consideration for the application for Plaintiff's Attorneys' Fees and reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and the Case Contribution Award to Class Representative without further notice to the Settlement Classes. The Settlement Administrator will update the website maintained

pursuant this Order to reflect the current information about the date and time for the Final Fairness Hearing.

15. Class Members wishing to exclude themselves from the Settlement Classes pursuant to Federal Rule of Civil Procedure 23(e)(4) must submit to the Settlement Administrator a valid and timely Request for Exclusion. Requests for Exclusion must include: (i) the Class Member's name, address, telephone number, and notarized signature; (ii) a statement that the Class Member wishes to be excluded from one or both of the Settlement Classes in *Cowan v. Triumph Energy Partners, LLC*; and (iii) a description of the Class Member's interest in any wells for which Defendant remitted oil-and-gas proceeds, including the name, well number, county in which the well is located, and the owner identification number. Requests for Exclusion must be served on the Settlement Administrator, Defendant's Counsel, and Plaintiff's Counsel by certified mail, return receipt requested and received no later than 5 p.m. CT on January 8, 2024. Requests for Exclusion may be mailed as follows:

**Settlement Administrator:**
Cowan v. Triumph Settlement
c/o JND Legal Administration, Settlement Administrator
P.O. Box 91420
Seattle, WA 98111

**Co-Lead Class Counsel:**
Reagan E. Bradford
Ryan K. Wilson
Bradford & Wilson PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102

**Defendant's Counsel:**
Travis P. Brown
Mahaffey & Gore, P.C.
300 N.E. 1st Street
Oklahoma City, OK 73104

Requests for Exclusion may not be submitted through the website or by phone, facsimile, or e-mail. Any Class Member that has not timely and properly submitted a Request for Exclusion

shall be included in the Settlement and shall be bound by the terms of the Settlement Agreement in the event it is finally approved by the Court.

16. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, any term of the Settlement, the Allocation Methodology, the Plan of Allocation, the request for Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, or the request for the Case Contribution Award to Class Representative may file an objection. An objector must file with the Court and serve upon Class Counsel and Defendant's Counsel a written objection containing the following: (a) a heading referring to *Cowan v. Triumph Energy Partners, LLC*, No. 23-CV-300-JAR, United States District Court for the Eastern District of Oklahoma; (b) a statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address, and telephone number; (c) a detailed statement of the specific legal and factual basis for each and every objection; (d) a list of any witnesses the objector may call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or an expert report, any such evidence must fully comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court); (e) a list of and copies of any exhibits the objector may seek to use at the Final Fairness Hearing; (f) a list of any legal authority the objector may present at the Final Fairness Hearing; (g) the objector's name, current address, current telephone number, and all owner identification numbers with Defendant; (h) the objector's signature executed before a Notary Public; (i) identification of the objector's interest in wells for which Defendant remitted oil-and-gas proceeds (by well name, payee well number, and county in which the well is located) during the Claim Period and identification of any payments by date of payment, date of production, and amount; and (j) if the objector is objecting to any portion of the Plaintiff's

Attorneys' Fees, reimbursement of Litigation Expenses or Administration, Notice, and Distribution Costs, or the Case Contribution Award sought by Class Representative or Class Counsel on the basis that the amounts requested are unreasonably high, the objector must specifically state the portion of such requests he/she/it believes is fair and reasonable and the portion that is not. Such written objections must be filed with the Court and served on Plaintiff's Counsel and Defendant's Counsel, via certified mail, return receipt requested, and received no later than 5 p.m. CT by the deadline of twenty-one (21) calendar days prior to the Final Fairness Hearing at the addresses set forth in paragraph 15 above.

Any Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at the Final Fairness Hearing and such failure will render any such attempted objection untimely and of no effect. All presentations of objections will be further limited by the information listed. The Parties' Counsel may file any reply or response to any objections prior to the Final Fairness Hearing. The procedures set forth in this paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

17. Any objector who timely files and serves a valid written objection in accordance with the above paragraph may also appear at the Final Fairness Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Fairness Hearing must comply with the Local Rules of this Court in addition to the requirements set forth in paragraph 16 above.

18. No later than twenty-eight (28) calendar days prior to the Final Fairness Hearing, if the Settlement has not been terminated pursuant to the Settlement Agreement, Plaintiff's Counsel and Plaintiff shall move for: (a) final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e); (b) entry of a Judgment in substantially the same form as Exhibit 2; (c) final

approval of the Allocation Methodology and Plan of Allocation; and (d) Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and/or the Case Contribution Award.

19. If the Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or otherwise does not become Final and Non-Appealable for any reason whatsoever, the Settlement, Settlement Agreement, and any actions to be taken in connection therewith (including this Order and any Judgment entered herein), shall be terminated and become void and of no further force and effect as described in the Settlement Agreement. Any obligations or provisions relating to the refund of Plaintiff's Attorney's Fees, Litigation Expenses, the payment of Administration, Notice, and Distribution Costs already incurred, and any other obligation or provision in the Settlement Agreement that expressly pertains to the termination of the Settlement or events to occur after the termination, shall survive termination of the Settlement Agreement and Settlement.

20. All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final approval of the Settlement, Class Representative and all Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against Released Parties.

21. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, is not, and shall not be construed as an admission or concession by any of the Parties to the Settlement Agreement. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the propriety of maintaining this Litigation as a contested class action or of class

certifiability, and Defendant specifically denies any such fault, wrongdoing, breach, liability, and allegation regarding certification. This Order shall not be construed or used as an admission, concession, or declaration by or against Class Representative or the Settlement Classes that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have with respect to the Litigation or class certifiability in the event the Settlement is terminated.

22.  The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to the Settlement Classes.

IT IS SO ORDERED this 17th day of October, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

**Approved as to Form:**

/s/ *Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
(405) 698-2770
reagan@bradwil.com
ryan@bradwil.com

**CLASS COUNSEL**

/s/ *Travis P. Brown*
Travis P. Brown, OBA #20636
Mahaffey & Gore, P.C.
300 N.E. 1st Street
Oklahoma City, OK 73104
(405) 236-0478
trbrown@mahaffeygore.com

**COUNSEL FOR DEFENDANT**